# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

DEC 29 2006

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

|  |  |
|---|---|
| JEREMIAH HENDERSON. | |
| *Plaintiff,* | CIVIL ACTION 3:06-CV- 00052 |
| v. | ORDER and OPINION |
| JAMES V. DOSS, III, | |
| *Defendant* | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Application to Proceed In Forma Pauperis, Supporting Documentation and Order, filed December 28, 2006. Pursuant to 28 U.S.C. § 1915, Plaintiff's application is hereby GRANTED. But because this Court lacks jurisdiction to hear Plaintiff's claim, his case is hereby DISMISSED WITHOUT PREJUDICE.

There are two bases for federal jurisdiction: federal question jurisdiction, *see* U.S. Const. art. III, § 2; 28 U.S.C. § 1331 (2000), and diversity of citizenship jurisdiction, *see* 28 U.S.C. § 1332 (2000). A court may consider matters of subject matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3). After considering Plaintiff's complaint, the Court determines that it has neither federal question jurisdiction nor diversity of citizenship jurisdiction; therefore, the Court must dismiss this action.

### I. Federal Question Jurisdiction

Federal district courts have original jurisdiction over "all civil actions arising under the

Dockets.Justia.com

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2000). "A case 'aris[es] under' federal law within the meaning of § 1331," the Supreme Court has stated, "if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assurance, Inc. v. McVeigh,* 126 S.Ct. 2121, 2131 (2006) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27-28 (1983)).

Although Plaintiff checked the box "Federal Question" on the Civil Cover Sheet he submitted with his complaint, the complaint alleges that an attorney committed malpractice by failing to successfully sue on Plaintiff's behalf in a § 1983 action. Although a § 1983 action would present a federal question, a suit for malpractice with respect to a § 1983 claim is a state law claim.

Plaintiff also claims that this attorney defamed, libeled, and slandered Plaintiff; was negligent (in that the attorney created an "Axis of evil"), causing Plaintiff to incur $12,000 in costs associated with defending himself against this "Axis of evil"; and defrauded Plaintiff for personal gain. Again, however, all of these claims are state-law claims and are not supported by the federal question doctrine. Therefore, this Court finds that it does not have jurisdiction to hear this case under 28 U.S.C. § 1331.

## II. Diversity of Citizenship Jurisdiction

In order for the Court to have jurisdiction pursuant to 28 U.S.C. § 1332, the plaintiffs and the defendants must be citizens of different states. *See* 28 U.S.C. § 1332(a)(1). As Plaintiff's complaint makes clear, both he and Defendant are citizens of Virginia. As such, this Court does not have diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Therefore, because this Court lacks jurisdiction to hear Plaintiff's claim, his case is

hereby DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

The Clerk of the Court is directed to send a copy of this Order to both parties.

ENTERED: _____
U.S. District Judge

December 29, 2006
Date